UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUY JOSEPH MERRITT,<br><br>          Plaintiff,<br><br>  v.<br><br>Dang, et. al.,<br><br>          Defendants. | CV F 04 6727 OWW LJO P<br><br>FINDINGS AND RECOMMENDATIONS REGARDING ACTION (Doc. 1.) |

     Guy Joseph Merritt, ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**A. SCREENING REQUIREMENT**

     The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B.  SUMMARY OF COMPLAINT**

Plaintiff filed the instant action on December 17, 2004, alleging that Plaintiff was wrongfully led to believe he had lung cancer which required an unnecessary surgery.  Plaintiff states that the Defendants failed to order a biopsy which would have revealed that surgery was unnecessary and would have prevented Plaintiff from believing he had cancer for approximately 10 months.  Plaintiff names Doctors Dang, Hasadri, Mikelatos, Klarich and Paw as Defendants and is seeking monetary damages.

**C.  CLAIMS FOR RELIEF**

  ***1.  Eighth Amendment***

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). The "deliberate indifference" standard involves an objective and a subjective prong.  First, the alleged deprivation must be, in objective terms, "sufficiently serious." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (*citing* Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must act with a "sufficiently culpable state of mind," which entails more than mere negligence, but less than conduct undertaken for the very purpose of causing harm. Farmer v. Brennan, 511 U.S. at 837.

1  A prison official does not act in a deliberately indifferent manner unless the official "knows of
2  and disregards an excessive risk to inmate health or safety." Id.
3      In applying this standard, the Ninth Circuit has held that before it can be said that a
4  prisoner's civil rights have been abridged, "the indifference to his medical needs must be
5  substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
6  cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), *citing*
7  Estelle, 429 U.S. at 105-06. "[A] complaint that a physician has been negligent in diagnosing or
8  treating a medical condition does not state a valid claim of medical mistreatment under the
9  Eighth Amendment. Medical malpractice does not become a constitutional violation merely
10 because the victim is a prisoner." Estelle v. Gamble, 429 U.S. at 106; see also Anderson v.
11 County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin v. Smith, 974 F.2d 1050, 1050
12 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136
13 (9th Cir. 1997) (en banc). Even gross negligence is insufficient to establish deliberate
14 indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.
15 1990).
16     Plaintiff fails to state sufficient facts to raise a cognizable Eighth Amendment claim. As
17 noted above, Plaintiff must demonstrate that the Defendants "knew of and disregarded a serious
18 risk to his he health." Here, Plaintiff contends that the Doctors treated him without first
19 conducting a biopsy. This constitutes Plaintiff's disagreement with the diagnosis. Similarly, the
20 allegation that the diagnosis was incorrect implies negligence or malpractice but does not state
21 facts sufficient to raise an Eighth Amendment claim in a Section 1983 action.
22     *2. Negligence*
23     "To establish a medical malpractice claim, the plaintiff must allege in the complaint: (1)
24 defendant's legal duty of care toward plaintiff; (2) defendant's breach of that duty; (3) injury to
25 plaintiff as a result of that breach - proximate or legal cause; and (4) damage to plaintiff."
26 Rightley v. Alexander, No. C-94-20720 RMW, 1995 WL 437710, at *3 (N.D. Cal. July 13,
27 1995) (*citing* Hoyem v. Manhattan Beach School Dist., 22 Cal.3d 508, 514 (1978)); 6 B. E.
28 Witkin, Summary of California Law, Torts § 732 (9th ed. 1988). "[M]edical personnel are held

1  in both diagnosis and treatment to the degree of knowledge and skill ordinarily possessed and
2  exercised by members of their profession in similar circumstances." Hutchinson v. United
3  States, 838 F.2d 390, 392-93 (9th Cir. 1988) (*internal citations omitted*).
4      Plaintiff's allegations of negligence, however, are state law claims over which the Court
5  may or may not have supplemental jurisdiction.
6      Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original
7  jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the
8  action within such original jurisdiction that they form part of the same case or controversy under
9  Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under
10 § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is
11 discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district
12 court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . .
13 the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C.
14 § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before
15 trial, . . . the state claims should be dismissed as well." United Mine Workers of America v.
16 Gibbs, 383 U.S. 715, 726 (1966).
17     Here, because Plaintiff has not alleged a cognizable Eighth Amendment claim, the Court
18 has no authority to exercise jurisdiction over his state law negligence claim.
19 **D. CONCLUSION AND RECOMMENDATION**
20     Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief
21 under section 1983. Further, the Court finds that the deficiencies outlined above are not capable
22 of being cured by amendment, and therefore leave to amend should not be granted. 28 U.S.C.
23 § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987). Accordingly, the
24 Court RECOMMENDS that this action be dismissed in its entirety.
25     It is HEREBY ORDERED that these Findings and Recommendations be submitted to the
26 United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
27 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
28 Court, Eastern District of California. Within THIRTY (30) days after being served with a copy

of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the Objections shall be served and filed within TEN (10) <u>court</u> days (plus three (3) days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 14, 2006**              /s/ Lawrence J. O'Neill
b9ed48                                               UNITED STATES MAGISTRATE JUDGE